People ex rel. Meyer v Brann (2020 NY Slip Op 02908)





People v Brann


2020 NY Slip Op 02908


Decided on May 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


11624 3585/19 451072/20

[*1]In re The People of the State of New York ex rel H. Adam Meyer, on behalf of Mark Simpson, Petitioner-Appellant,
v
Cynthia Brann, etc., Respondent-Respondent.


Janet E. Sabel, The Legal Aid Society, New York (Alma Magana of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Lucy B. Nicholas of counsel), for respondent.



Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered March 27, 2020, denying the writ of habeas corpus and dismissing the petition, unanimously reversed, on the law and the facts, the judgment vacated, and the matter remanded for a hearing on the least restrictive alternative and conditions that will reasonably assure petitioner's return to court, pursuant to CPL 510.10(1) and CPL 510.30(1).
Before his indictment, bail was set for petitioner, an indigent truck driver for Fresh Direct who has no criminal history, at $3,000 payable by cash, credit card, or partially secured surety bond at 10%. Petitioner was released after posting the $300 on the partially secured bond. After he was indicted, and after he violated at least two orders of protection, at arraignment on the indictment, Supreme Court (Diane Kiesel, J.) set petitioner's bail at $50,000 payable by cash or insurance company bond or $100,000 payable by partially secured bond at 10%. In a securing order decision dated February 20, 2020, the court adhered to the prior ruling and concluded that no hearing was necessary on the issue.
The limited record does not reveal whether, in setting bail, the bail court imposed the least restrictive alternative and conditions that will reasonably assure petitioner's return to court (see CPL 510.10[1]; 510.30[1]). Accordingly, we remand the matter for a hearing and a written ruling on the issue.
In light of our ruling, we do not reach petitioner's constitutional arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 18, 2020
CLERK